Matter of the Application of WADSWORTH J. ZITTEL et al., Trustees of the City and County Hall, etc., Petitioners, for a Peremptory Writ of Mandamus against LOUIS P. FUHRMANN, Mayor, et al., Constituting the Council of the City of Buffalo, Respondents.

(Supreme Court, Erie Special Term, August, 1917.)

Mandamus — when application for, denied — municipal corporations — expenses connected with the maintenance of city and county hall borne equally by city of Buffalo and county of Erie — statutes.

Under a statute (Laws of 1880, chap. 31, § 4, as amended by chapter 83, Laws of 1892), providing that all the expenses connected with the maintenance of a city and county hall shall be borne equally by the city of Buffalo and the county of Erie, and that all appropriations therefor shall be paid to the trustees who shall yearly ascertain the amount required and certify the same to the board of supervisors of the county and to the common council of the city, and, further, that it shall be the duty of the said board of supervisors and the said common council to provide in equal proportions the amount of money required and place the same in the treasury of said city and county, respectively, subject to the order of the trustees for such purpose, the said common council in making appropriations for the ensuing year may take into consideration the unexpended balances of preceding years remaining in the hands of the trustees having charge of the building.

APPLICATION for a peremptory writ of mandamus to require the city council of the city of Buffalo to appropriate and pay into its treasury, subject to the order of the petitioners as trustees of the city and county hall, the city's equal proportion of the amount certified by the petitioners as such trustees to be required for such purposes, to wit, the sum of $37,500.

Edward L. Jung, for petitioners.

Frank C. Westphal, assistant city attorney, for respondents.

Sears, J.   This is an application by the trustees of the city and county hall for a peremptory writ of mandamus to compel the city council of the city of Buffalo to appropriate and set aside in the city treasury the entire amount of the city's one-half of the sum certified by the trustees to the city council and the board of supervisors of the county of Erie as the necessary expenses for the maintenance, etc., of the city and county hall.

The statutory enactments providing for the appointment of the trustees of the city and county hall and declaring their powers and duties. are contained in chapter 31 of the Laws of 1880, chapter 83 of the Laws of 1892, and chapter 114 of the Laws of 1913.   The trustees are six in number, appointed by the Appellate Division of the Supreme Court for the term of six years, two of such trustees being appointed biennially. They serve without salary.   They are given the general care and management of the city and county hall and its grounds.   The trustees are required· to keep a full account of their proceedings and exact and particular accounts of all their receipts and disbursements, which records and accounts shall at all times be open for inspection by the chairman of the board of supervisors of Erie county and by the mayor of the city of Buffalo and by any committee appointed by the board of supervisors of Erie county or by the common council of Buffalo, and it is expressly provided that no expenditures shall be incurred or payment made by the trustees unless approved by at least four of them.

The particular question involved in this proceeding arises upon the interpretation of section 4 of chapter 31 of the Laws of 1880, as amended by chapter 83 of the Laws of 1892. The pertinent parts of section 4 are as follows: " All expenses incurred for the alteration, repairing, warming, lighting, cleaning, protection and care of said hall, and for the improvement, care and protection of the grounds for the site thereof, shall be borne equally by the city of Buffalo and the county of Erie, and all appropriations therefor, shall be paid to said trustees and be disbursed by them for such purposes * * * They shall yearly ascertain the amount required for the purposes aforesaid, and certify the same to the board of supervisors of said county, and to the common council of said city. They shall yearly make to the board of supervisors of said county and to the common council of said city a detailed report of the money disbursed by them during the year preceding. And it shall be the duty of the board of supervisors of said county, and the common council of said city, to provide in equal proportion the amount of money required for the purposes aforesaid, and place the same in the treasury of said city and county, respectively, subject to the order of said trustees for such purpose."

For some years the trustees have each year certified to the respective county and city authorities that the amount ascertained by them to be necessary for the next year's running expenses was $75,000 and the trustees have this year ascertained the amount required to be the sum of $75,000 and certified the same to the supervisors and the city council. It further appears that in several of the years last past the disbursements of the trustees did not exhaust the sum appropriated and that the city and county, instead of keeping the money in the city and county

treasurers' hands, respectively, have paid over the money to the trustees who have deposited the entire appropriated sum in city banks and that there has resulted, through thrift and economy of the trustees, a fund amounting to about $56,000 remaining over from former appropriations of the city and county and from the sale of disused furnishings, etc., after the disbursements for the care of the hall have been fully met. When, therefore, this year the trustees ascertained the amount required for necessary expenses for the succeeding year to be $75,000, the city council, taking into consideration the fund already in the hands of the trustees, appropriated the additional sum of $15,000 only, which, with one-half of the said fund, would place in the control of the trustees for the city's one-half of the necessary running expenses for the succeeding year the sum of about $43,000 or about $5,500 in excess of the sum which the trustees certified that they had ascertained to be the sum required for the ensuing year's running expenses. I do not understand that the city council, by this action, intended any criticism of the trustees or intended thereby to attack the trustees' judgment of the amount required for the annual running expenses. It is quite true, as stated by the trustees' counsel in his written argument, that during a period of more than forty years the city and county hall has been cared for and managed under such statutes by successive trustees, all of whom have been and are among the most reputable, highly esteemed and substantial citizens of Buffalo and Erie county, performing their functions without remuneration, except the consciousness of duty well done, as a matter of civic pride and obligation, with signal success and economy. The city council, by its action in making only the appropriation mentioned above and in opposing this appli-

cation, is attempting to correct what the councilmen believe to be an improper and illegal practice which has grown up without fault on the part of anybody, but the respondents do contend that the fund now in the hands of the trustees, resulting from unexpended balances of preceding years, is in equity the property of the city and being in the hands of the trustees can be taken into consideration by the city council in making the appropriation of the amount required for the running expenses for the ensuing year.

It is not necessary to determine whether or not the city council and the board of supervisors can go behind the certificate of the trustees, because, so far as this proceeding is concerned, that certificate is accepted by the city as full, accurate and complete, and the only question is whether the city council, in making the appropriation, can take into consideration the moneys already in the trustees' hands. I am of the opinion that it can.

It will be noticed that the terms of the statute above quoted require the city and county to provide in equal proportions the amount of money required for the purposes aforesaid, *and place the same in the treasury of the said city and county, respectively, subject to the order of said trustees for such purpose.* This provision would continue the city and county in control of the money appropriated, while leaving the disbursement of the same in the hands of the trustees. I cannot but think that had this method been pursued, rather than the method of paying over to the trustees the entire amount of the appropriation, the unexpended balance each year remaining in the hands of the city would have been taken into consideration in the appropriation for the ensuing year. It is true that there is no provision in the act requiring the repayment to the city and county of the unex-

8

pended balance of sums appropriated, or its surrender into the general city and county funds, but this would not be necessary if the funds remained in the hands of the city and county authorities.

There is no purpose in allowing the accumulation of a fund in the hands of the trustees. According to the theory of the trustees, they have the right to certify to the city and county any sum which they find to be required and their certificate the city and county have no authority to question. If this is so, the trustees have the entire reservoir of the city's and county's wealth to draw upon and there is absolutely no reason why a part of this should be appropriated and held in a special fund from year to year under the trustees' exclusive control.

Even if the city should be held to have a right to go behind the trustees' certificate and make an original determination of the amount necessary for the running of the hall, nevertheless, the statute is clear that the city and county must provide in equal proportions the amount of money required for the purposes of maintenance, protection, improvement and care of the hall.

Considering, therefore, that no authority is expressly given for the accumulation or retention of such a fund; that no purpose is served thereby; that the duties of the trustees can be performed unhampered without such fund; and considering further that the accumulation of such a fund deprives the taxpayers of the use of such fund, I am of the opinion that the existence of such a fund may be considered by the city and county authorities in making their annual appropriation and that this application must be denied.

Application denied.