In the Matter of the Application of WADSWORTH J. ZITTEL and Others, as and Constituting the Trustees of the City and County Hall, etc., Appellants, for a Peremptory Writ of Mandamus, v. GEORGE S. BUCK, Mayor, and Others, as and Constituting The Council of the City of Buffalo, Respondents.

Fourth Department, May 29, 1918.

Municipal corporations — city of Buffalo — erection of city and county hall — raising funds for said purpose — trustees not entitled to accumulate unexpended balance.

Although the statute under which the trustees of the city and county hall in the city of Buffalo are appointed, which provides that the cost of said building shall be borne equally by the city and county, directs the supervisors of the county and the common council of the city to raise

yearly the sums required for the erection of said building and place the same in the treasury of the city and county subject to the order of the trustees, the latter are not entitled to compel by writ of mandamus the raising of the full sum which the trustees desire for the yearly work, where it appears that a large sum has accumulated from unexpended former appropriations and is now on deposit in various banks to the credit of the trustees. The certificate of the trustees should cover only such amount of money as is reasonably necessary for the purposes enumerated in the statute for the ensuing year, and the moneys appropriated should remain in the treasuries of the city and county until actually needed for expenses incurred.

APPEAL by the petitioners, Wadsworth J. Zittel and others, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county Erie on the 9th day of October, 1917, denying their motion for a peremptory writ of mandamus, and also from an order entered in said clerk's office on the 4th day of March, 1918, denying their motion for a reargument of the prior motion.

*Edward L. Jung,* for the appellants.

*William S. Rann* [*Frank C. Westphal* of counsel], for the respondents.

KRUSE, P. J.:

The City and County Hall in the city of Buffalo was erected jointly by the city and county in which it is located. It is in charge of trustees appointed by this court. The trustees were formerly appointed by the Superior Court of Buffalo (Laws of 1880, chap. 31, as amd. by Laws of 1892, chap. 83), but that court having been abolished from and after January 1, 1896, by the Constitution of 1894 (N. Y. Const. art. 6, § 5), the duty of appointing the trustees was devolved upon this court. (Id. art. 6, § 2.) The trustees serve without compensation and no official bond is required of them. The statute under which they are appointed provides that the expenses incurred for the purposes therein enumerated in connection with the building and grounds shall be borne equally by the city and county. The trustees are directed to ascertain yearly the amount required for such purposes and certify the same to the board of super-

visors of the county and to the common council of the city and each is required to provide an equal amount thereof and place the. same in the respective treasuries of the city and county subject to the order of the trustees. (Laws of 1880, chap. 31, § 4, as amd. by Laws of 1892, chap. 83, and Laws of 1911, chap. 414.) The trustees certified to such bodies that the sum of $75,000 would be required for the year 1917. But it appears that upwards of $50,000 had accumulated from unexpended former' appropriations and was then on deposit in various banks to the credit of the trustees. The common council took this into account and appropriated only the sum of $15,000 additional. This proceeding was brought for a writ of mandamus to compel the common council to provide the full one-half of $75,000 so certified and to place the same to the credit of the treasurer of the city subject to the order of the trustees. The Special Term denied the writ and the trustees appealed.

We are in entire accord with the reasoning of Mr. Justice SEARS at Special Term. (*Matter of Zittel* v. *Fuhrmann,* 101 Misc. Rep. 109.) The city charter and the County Law each provides for the safekeeping of moneys belonging to the city and county respectively. (See Consol. Laws, chap. 11 [Laws of 1909, chap. 16], § 142 *et seq.*) The city charter provides that all moneys belonging to the city, save as therein otherwise provided, shall be paid to the treasurer of the city within a certain time after they are received, and he shall daily deposit them in such bank or banks as may be designated by the common council for such purpose; he is required to furnish a bond approved by the council, and the banks designated as depositories of the said moneys are also required to give security. (Laws of 1914, chap. 217, § 108-a, as amd. by Laws of 1916, chap. 260; Id. § 108-b.) It is true, as contended by the learned counsel for the trustees, that section 4 of the City and County Hall Act directs that all appropriations shall be paid to the trustees and be disbursed by them and that the board of supervisors of the county and the common council of the city are not only required to provide the money, but to " place the same in the treasury of said city and county, respectively, subject to the order of said trustees for such purpose." But this, I

think, does not permit the trustees to accumulate a so-called emergency fund from unexpended balances, or to withdraw these moneys from the public treasury in large sums, as has been the practice, in advance of incurring the expenses and placing them to the credit of the trustees in banks not bonded. We are of the opinion that the certificate of the trustees should cover only such amount of money as is reasonably necessary for the purposes enumerated in the statute for the ensuing year, and what is on hand should be taken into account, and that the appropriation should remain in the treasuries of the city and county until actually needed for expenses incurred.

The order should be affirmed upon the law and not in the exercise of discretion, and without costs.

All concurred.

Order affirmed as a matter of law and not in the exercise of any discretion, without costs.